UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

ROUND HILL MUSIC, LLC and ROUND HILL    :
MUSIC LP                       :     No. 1:20-cv-3466
                                  :
        Plaintiffs,        :
                                  :     **COMPLAINT FOR COPYRIGHT**
        v.                 :     **INFRINGEMENT**
                                    :
TUNECORE, INC., BELIEVE DIGITIAL     :     **DEMAND FOR JURY TRIAL**
HOLDINGS, INC., AND BELIEVE SAS      :
                                  :
        Defendants.      :
                                  :
                                  :

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Round Hill Music, LLC and Round Hill Music LP (collectively, "Round Hill")

hereby complain and allege against defendants TuneCore, Inc. ("TuneCore"), Believe Digital

Holdings, Inc. ("Believe Digital"), and Believe SAS (collectively, "Defendants") as follows:

## <u>JURISDICTION</u>

1.     This Court has subject matter jurisdiction under 28 U.S.C § 1331 as the action arises

under the original and exclusive jurisdiction of the federal court and 28 U.S.C § 1338(a) as the

controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C § 101

*et seq.*).

2.     This Court has personal jurisdiction over Defendants as discussed fully herein.

3.     This Court can exercise jurisdiction consistent with Federal Due Process, New

York's long-arm statute NY CLS CPLR § 302, and Fed. R. Civ. P. 4(k)(1)(A).

**TuneCore**

4.      This Court has general personal jurisdiction over TuneCore because Defendant has continuous and systematic contacts within the Eastern District of New York such that it can be found to be essentially at home within this Judicial District.

5.      This Court has specific personal jurisdiction over TuneCore because this suit arises out of or relates to its contacts with the state of New York.

6.      Upon information and belief, TuneCore has maintained a strong presence in New York, including its corporate headquarters located in Brooklyn, New York.

7.      Upon information and belief, TuneCore employs individuals in New York and New York residents.

8.      Upon information and belief, TuneCore distributed sound recordings embodying the musical compositions owned or controlled by Round Hill including the 219 musical compositions listed in the attached Exhibit A (the "Round Hill Compositions") to third-party companies with offices located in New York, and this Judicial District, who operate download music services and sites, such as Apple iTunes, Amazon MP3, eMusic and more (collectively "Third-Party Companies") with the understanding and intent that the Third-Party Companies would collectively make the sound recordings embodying the Round Hill Compositions available in New York and to New York residents, whether for purchase or for free, by means of permanent download or online streaming service.

9.      Upon information and belief, at TuneCore's direction, the Third-Party Companies did in fact, provide the Round Hill Compositions to individuals in New York and New York Residents through their interactive download services, applications and websites. Notably, Apple

iTunes confirmed that it provided the sound recordings embodying the Round Hill Compositions to users through its iTunes download music service at TuneCore's direction.

10.   Upon information and belief, TuneCore's clients, including those on whose behalf TuneCore engaged in the unlicensed reproduction and distribution of sound recordings embodying the Round Hill Compositions, include New York residents.

11.   Upon information and belief, individuals in New York and New York residents have downloaded the Round Hill Compositions as a result of TuneCore's actions described herein.

12.   Upon information and belief, TuneCore specifically targets New York through its distribution agreements.

13.   TuneCore has generated substantial revenue, market share, and other financial value from the reproduction and distribution of the sound recordings embodying the Round Hill Compositions in blatant disregard of the exclusive rights vested in Round Hill.

14.   Through TuneCore's acts and contributory acts of willful copyright infringement, Believe Digital has, among other injuries, harmed the marketability of works embodying and licensing opportunities for the Round Hill Compositions within the state of New York and among New York residents.

15.   Furthermore, given TuneCore's willful and knowing exploitation of the Round Hill Compositions in New York, it should reasonably anticipate being haled into a court in the State of New York.

**<u>Believe Digital</u>**

16.   This Court has specific personal jurisdiction over Believe Digital because this suit arises out of or relates to its contacts with the state of New York.  Upon information and belief,

Believe Digital is the holding company of TuneCore, whose corporate headquarters is located in Brooklyn, New York, and a subsidiary of Believe SAS.

17.     To the extent that Believe Digital's acts and contributory acts of willful copyright infringement were committed outside New York, this Court also has specific personal jurisdiction over Believe SAS pursuant to NY CLS CPLR § 302(a)(3) as such acts have caused harm to Round Hill, who resides in New York, and copyright owners, whose interest Round Hill administers, which include New York residents. Upon information and belief, this information was known to Believe SAS at the time of their acts and contributory acts of willful copyright infringement.

18.     Upon information and belief, Believe Digital has previously and continues to share employees, including high end executives, with TuneCore, including employees and executives working out of TuneCore's New York corporate headquarters in Brooklyn, New York.

19.     Upon information and Belief, Believe Digital has maintained a strong presence in New York, including its corporate headquarters located in Brooklyn, New York.

20.     Upon information and belief, Believe Digital employs individuals in New York and New York residents.

21.     Upon information and belief, Believe Digital distributed musical compositions owned or controlled by Round Hill including the Round Hill Compositions to the Third-Party Companies with the understanding and intent that the Third-Party Companies would collectively make the sound recordings embodying the Round Hill Compositions available in New York and to New York residents, whether for purchase or for free, by means of permanent download or online streaming service.

22.     Upon information and belief, the Third-Party Companies did in fact provide the Round Hill Compositions to individuals in New York and New York residents through their

interactive download applications, services and websites. Notably, Apple iTunes confirmed that it provided the sound recordings embodying the Round Hill Compositions to users through its iTunes applications, services and website at Believe Digital's direction.

23.     Upon information and belief, Believe Digital's clients, including those on whose behalf TuneCore engaged in the unlicensed reproduction and distribution of sound recordings embodying the Round Hill Compositions, include New York residents.

24.     Upon information and belief, Believe Digital used its ability to distribute compositions throughout the United States and globally as a selling point to clients.

25.     Upon information and belief, individuals in New York and New York residents have downloaded the Round Hill Compositions as a result of Believe Digital's actions described herein.

26.     Upon information and belief, Believe Digital specifically targets New York through its distribution agreements.

27.     Believe Digital has generated substantial revenue, market share, and other financial value from the reproduction and distribution of the sound recordings embodying the Round Hill Compositions in blatant disregard of the exclusive rights vested in Round Hill.

28.     Through Believe Digital's acts and contributory acts of willful copyright infringement, Believe Digital has, among other injuries, harmed the marketability of works embodying and licensing opportunities for the Round Hill Compositions within the state of New York and among New York residents.

29.     Furthermore, given Believe Digital's willful and knowing exploitation of the Round Hill Compositions in New York, it should reasonably anticipate being haled into a court in the State of New York.

**Believe SAS**

30.    This Court has specific personal jurisdiction over Believe SAS because this suit arises out of or relates to its contacts with the state of New York.

31.    To the extent that Believe SAS' acts and contributory acts of willful copyright infringement were committed outside New York, this Court also has specific personal jurisdiction over Believe SAS pursuant to NY CLS CPLR § 302(a)(3) as such acts have caused harm to Round Hill, who resides in New York, and copyright owners, whose interest Round Hill administers, which include New York residents. Upon information and belief, this information was known to Believe SAS at the time of their acts and contributory acts of willful copyright infringement.

32.    Believe SAS is the parent company of Believe Digital and TuneCore, which is headquartered in Brooklyn, New York. Upon information and belief, Believe SAS has previously and continues to share employees, including high end executives, with TuneCore, including employees and executives working out of TuneCore's New York corporate headquarters in Brooklyn, New York.

33.    Upon information and belief, Believe SAS distributed musical compositions owned or controlled by Round Hill including the Round Hill Compositions to the Third-Party Companies with the understanding and intent that the Third-Party Companies would collectively make the sound recordings embodying the Round Hill Compositions available in New York and to New York residents, whether for purchase or for free, by means of permanent download or online streaming service.

34.    Upon information and belief, the Third-Party Companies did in fact provide the Round Hill Compositions to individuals via download in New York and New York residents through their interactive download applications, services and websites. Notably, Apple iTunes

confirmed that it provided the sound recordings embodying the Round Hill Compositions to users through its interactive streaming site at Believe SAS' direction.

35.     Upon information and belief, Believe SAS' clients, including those on whose behalf TuneCore engaged in the unlicensed reproduction and distribution of sound recordings embodying the Round Hill Compositions, include New York residents.

36.     Upon information and belief, Believe SAS used its ability to distribute compositions throughout the United States and globally as a selling point to clients.

37.     Upon information and belief, New York residents have downloaded the Round Hill Compositions as a result of Believe SAS's actions described herein.

38.     Upon information and belief, Believe SAS specifically targets New York through its distribution agreements.

39.     Believe SAS has generated substantial revenue, market share, increased valuation, and other financial value from the reproduction and distribution of the sound recordings embodying the Round Hill Compositions in blatant disregard of the exclusive rights vested in Round Hill.

40.     Through Believe SAS' acts and contributory acts of willful copyright infringement, Believe SAS has, among other injuries, harmed the marketability of works embodying and licensing opportunities for the Round Hill Compositions within the state of New York and among New York residents.

41.     Furthermore, given Believe SAS's willful and knowing exploitation of the Round Hill Compositions in New York, it should reasonably anticipate being haled into a court in the State of New York.

**VENUE**

42.     Venue is proper pursuant to 28 U.S.C § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this judicial district.

43.     This case is properly filed in the Eastern District of New York, as a substantial part of events giving rise to this case occurred in the Eastern District of New York.

## INTRODUCTION

44.     Round Hill, a music publishing company, brings this action against TuneCore, Believe Digital, and Believe SAS for their willful and unauthorized use, reproduction, and distribution of the Round Hill Compositions in blatant disregard of Round Hill's exclusive rights. As discussed more fully below, Defendants knowingly and willfully reproduced and distributed the Round Hill Compositions without any license, either direct or compulsory.

45.     TuneCore, Believe Digital, and Believe SAS (collectively the "Defendants") are actively engaged in the business of distributing digital sound recordings embodying musical compositions. Defendants contract with individuals or other entities to distribute sound recordings embodying musical compositions to Third-Party Companies with the understanding that those Third-Party Companies will monetize those sound recordings through their public distribution platforms, which include digital download music retail services, such as iTunes. Subject to these agreements, Defendants are further responsible for collecting, accounting, and distributing to these individuals for any and all royalty distributions paid to Defendant by the Third-Party Companies as a consequence of their exploitation of such sound recordings and the musical compositions they embody.

46.     Upon information and belief, Defendants have entered into agreements with the Third-Party Companies in which Defendants purport to have mechanical or other publishing licenses in place for all sound recordings uploaded to the Third-Party Companies' platforms,

including those sound recordings embodying the Round Hill Compositions. However, contrary to these representations, Defendants did not and have not properly licensed the Round Hill Compositions for their use, reproduction, synchronization, and distribution in sound recordings uploaded to the Third-Party Companies, nor have Defendants licensed the Round Hill Compositions for their use, reproduction, synchronization, and distribution in sound recordings by the Third-Party Companies.

47.     Nevertheless, Defendants purport to sub-license those very rights and distribute the actual digital sound recording of the same musical works to Third-Party Companies, including multiple U.S.-based consumer music services such as Apple iTunes, Amazon MP3, eMusic and other similar download services. These download services then sell (or occasionally offer for free) a recording embodying the musical work for download and/or provide further authorization to allow the music service to provide a permanent download of a recording embodying the musical work to consumers.

48.     Upon information and belief, Defendants reproduced and distributed musical compositions owned or controlled by Round Hill including the Round Hill Compositions to their own servers and then to third-party download and streaming sites despite knowing that the Round Hill Compositions were never properly licensed.

49.     Moreover, beyond failing to properly license Round Hill Compositions, Defendants have not properly paid for the corresponding uses. Namely, Defendants have failed to account to or pay to Round Hill the mechanical royalties to which it would have been entitled had Defendants secured licenses for: 1) the reproduction and/or distribution of the Round Hill Compositions to Third-Party Companies; 2) the reproduction and/or distribution to third parties by Third-Party

Companies at Defendants' direction; and (3) the reproduction and/or distribution of the Round Hill Compositions on their own servers with server copies.

50.     The Round Hill Compositions have been distributed to third-party download applications, services and websites. Round Hill has not been properly paid by Defendants for the Round Hill Compositions. TuneCore, Believe Digital, and Believe SAS have exploited, reproduced, and distributed the Round Hill Compositions and continue to do so to this day, even after being provided notice by Round Hill that the Round Hill Compositions were unlicensed.

51.     TuneCore, Believe Digital, and Believe SAS are directly liable for copyright infringement, contributory copyright infringement, and vicarious copyright infringement based on the reproduction and distribution of the Round Hill Compositions to third parties without a license.

52.     Defendants are further liable for actions taken by Third-Party Companies, at Defendants' request and to Defendants financial benefit, to offer the unlicensed Round Hill Compositions embodied in sound recordings for download by end users.

53.     For example, Defendants made each of the Round Hill Compositions available to Apple iTunes and other Third-Party Companies. Sound recordings of the Round Hill Compositions were then made available to users on Apple iTunes and other Third-Party Companies.

54.     Upon information and belief, each of the Round Hill Compositions was downloaded by users of Apple's iTunes and other Third-Party Companies.

55.     Each time a user of Apple iTunes or any other Third-Party Companies downloads an unlicensed Round Hill Composition, this distribution constitutes a separate act of copyright infringement.

56.     TuneCore, Believe Digital, and Believe SAS were directly notified multiple times by Round Hill and/or its authorized agent Audiam, Inc. ("Audiam").

57. Audiam is Round Hill's agent for the administration of digital media licensing rights in the Round Hill Compositions.

58. TuneCore, Believe Digital, and Believe SAS were provided with a list identifying specific Round Hill Compositions and associated sound recordings, that Defendants did not have a license for the identified Round Hill Compositions that Apple has identified as being distributed to Apple by Defendants.

59. TuneCore, Believe Digital, and Believe SAS had full knowledge of the ongoing infringement of the Round Hill Compositions on Apple iTunes and other third-party download sites, yet continued their unlicensed distribution and reproduction of the Round Hill Compositions.

60. TuneCore received an initial payment and annual recurring payment from its clients to distribute, reproduce, and collect income derived from the sale of the Round Hill Compositions embodied on infringing sound recordings. In addition, TuneCore gains additional financial value in the form of "market share" of their user base and sale of the Round Hill Compositions embodied on the infringing sound recordings to drive financial valuation and negotiate with the music services for more favorable terms used to acquire more customers (see https://www.billboard.com/articles/business/8509048/tunecore-reaches-record-artist-revenue).

61. Believe Digital, and Believe SAS received an unlimited amount of money from a percentage of the revenue generated from each sale of a sound recording embodying the composition as well as benefitting from an increased market share by virtue of purporting to offer the Round Hill Compositions (which they had not properly licensed).

62. Upon information and belief, TuneCore, Believe Digital, and Believe SAS also willingly and knowingly accepted payments from Apple iTunes and other Third-Party Companies for the unlicensed sale and download of the recordings of the Round Hill Compositions.

Defendants took these actions despite being provided a list of the Round Hill Compositions and the associated sound recordings with full knowledge that they did not have a license and knew that ongoing acts of infringement were occurring.

63.     TuneCore, Believe Digital, and Believe SAS signed agreements with Third-Party Companies warranting and representing that the Round Hill Compositions were licensed and that they would ensure compliance with the requirements of the license. Beyond specific notice, TuneCore, Believe Digital, and Believe SAS had the means, methods, and necessary technology and workflow to take down the recordings infringing the Round Hill Compositions but in all instances chose not to in order to continue their own financial enrichment.

64.     TuneCore, Believe Digital, and Believe SAS materially contributed to the infringement of the Round Hill Compositions on iTunes and the sites of other Third-Party Companies because they: (1) reproduced sound recordings on their own server; (2) distributed the reproduced sound recordings to Third Party Companies; (3) knowingly made fraudulent warranties and representations to the Third-Party Companies that they had a license to distribute and reproduce all underlying compositions when they did not; (4) caused the Third Party Companies to continue infringement of the Round Hill Compositions by enabling and directing them to distribute and then continue to distribute the recording via download and online streaming services to consumers; (5) continued to fraudulently represent to Third Party Companies that they had secured all necessary licenses despite their failure to provide a proof of license on specific demand for such proof pursuant to applicable licensing regulations and despite TuneCore, Believe Digital, and Believe SAS being notified that the Round Hill Compositions were unlicensed; (6) fraudulently represented to the Round Hill that the Round Hill Compositions were licensed, despite knowing this not to be true, in an attempt to obfuscate the infringement; (7) willfully and

knowingly continued the infringing exploitation for years after having full knowledge that the Round Hill Compositions were not licensed after notification was provided by Round Hill and its authorized agent Audiam; (8) did not authorize nor request the removal of the sound recordings of the musical works from the Third-Party Companies upon being notified the musical works embodied in the sound recordings they distributed to the music services were not licensed; (9) upon information and belief, did not contact their clients to asks for a proof of licensing; (10) upon information and belief, did not put their clients' accounts on hold, as allowed under their own agreements with their clients, upon receiving Round Hill's notice of infringement; (11) upon information and belief, concealed Round Hill's requests for proof of licensing and notice of infringement from their clients despite having legal and contractual obligations to do so (e.g. TuneCore's Terms and Conditions (https://www.tunecore.com/terms) states that it "shall give you prompt notice of any claim that is subject to the foregoing indemnification obligation" which includes claims for copyright infringement); and (12) upon information and belief, failed to follow any of the steps that they have publicly represented in their Terms of Service with respect to copyright infringement claims. Upon information and belief, each of these activities occurred within the last three years preceding the filing of this lawsuit and continue to occur.

65.    Round Hill had no means of discovering Defendants' infringement of the Round Hill Compositions, nor the infringement of the Third-Party Companies, made at Defendants' direction, for which Defendants actively contributed. This is because absent the cooperation of the Third-Party Companies, Round Hill had no means of knowing: (1) whether sound recordings embodying the Round Hill Compositions were being exploited, and (2) even if such exploitations were identified, whether those exploitations of the Round Hill Compositions were properly licensed and who to contact to obtain such information. Moreover, even when Apple iTunes

identified Defendants to Round Hill as having provided sound recordings embodying the Round Hill Compositions, Defendants' refusal to cooperate made it impossible for Round Hill to confirm whether Defendants' and the Third-Party Companies' exploitation of the Round Hill compositions was properly licensed. Rather, and as discussed above, Defendants actively obstructed Round Hill's request for licensing information and engaged in stall tactics to conceal their infringement and that of the Third-Party Companies. As a result, the infringement alleged herein did not accrue until within three years of the filing of this action.

66.   Upon information and belief, TuneCore, Believe Digital, and Believe SAS could have had the Third-Party Companies take down the infringing sound recordings from their distribution platforms when notified, but chose not to in regards to the Round Hill Compositions and fraudulently warranted and represented to the Third-Party Companies they obtained licenses and made payments as required under those licenses when in fact they did not as those licenses did not exist. At all relevant times, TuneCore, Believe Digital, and Believe SAS had the right and ability to supervise the infringing activity occurring on Apple iTunes and other Third-Party Companies and was actually doing so.

67.   Upon information and belief, Defendants each had the means to stop the infringing activity from occurring at any time but chose not to do so despite knowing that the infringement was occurring and profiting from its occurrence. Defendants are each individually responsible for this failure to prevent the infringing activities, which were performed under their direction and supervision and to their direct financial benefit.

68.   In addition, TuneCore receives payments from the music services for the exploitation of the Round Hill Compositions and, upon information and belief, earns bank interest

on the payments for an indefinite period of time which is kept by TuneCore for administration of royalties derived from the sale of the Round Hill Compositions.  https://www.tunecore.com/terms

69.     TuneCore, Believe Digital, and Believe SAS are liable for vicarious copyright infringement for each act of copyright infringement committed when a user of Apple iTunes or other Third-Party Companies downloaded unauthorized sound recordings of the Round Hill Compositions.  The Round Hill Compositions were all downloaded through the Third-Party Companies within the three years preceding the filing of this action.

70.     TuneCore, Believe Digital, and Believe SAS are liable for contributory copyright infringement for the ongoing infringement of the Round Hill Compositions on Apple iTunes and other third-party sites by materially contributing to the infringement as discussed fully above.

71.     Round Hill brings this action for copyright infringement seeking damages, including the maximum amount of $150,000 for willful copyright infringement, contributory copyright infringement, and vicarious copyright infringement, for each musical composition involved in this action. Round Hill additionally seeks its costs and attorneys' fees.

## PARTIES

72.     Plaintiff Round Hill Music, LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in New York, New York

73.     Plaintiff Round Hill Music, LP is a limited partnership organized and existing under the laws of Delaware, with its principal place of business in New York, New York.

74.     Plaintiffs are actively engaged in the business of music publishing whereby they license the use, reproduction, synchronization, and distribution of musical works for which they either own or control the copyrights.

75.     Plaintiffs are the copyright owners or owners of exclusive rights under United States copyright law with respect to the Round Hill Compositions.

76.     Defendant TuneCore, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in New York.

77.     TuneCore is a digital music distributor and aggregator that purports to obtain licenses from music rights holders and, in turn, sub-licenses those rights to digital music distributors such as Apple iTunes and other Third-Party Companies, which sell (or on occasion provide for free) music files to consumers at the retail level.

78.      TuneCore is a wholly-owned subsidiary of Believe Digital Holdings, Inc.

79.     Defendant Believe Digital Holdings, Inc. is a corporation organized and existing under the laws of Delaware.

80.     Believe Digital is a digital music distributor and aggregator that purports to obtain licenses from music rights holders and, in turn, sub-licenses those rights to digital music distributors such as Apple iTunes and other Third-Party Companies, which sell (or occasionally provide for free) music files to consumers at the retail level.

81.     Believe Digital is a wholly-owned subsidiary of Believe SAS, a French corporation with no parent entity.

82.     Believe SAS is a French company having its principal place of business at 2 place du Colonel Fabien - 6 Avenue Mathurin Moreau, 75019 Paris, France.

83.     Believe SAS is a digital music distributor and aggregator that purports to obtain licenses from music rights holders and, in turn, sub-licenses those rights to digital music distributors such as Apple iTunes and other Third-Party Companies, which sell (or occasionally provide for free) music files to consumers at the retail level.

## STATEMENT OF FACTS

### a. Round Hill's Music Publishing Business

84.     Round Hill is an independent music rights company. Round Hill consists of a group of related entities that are actively engaged in the business of music publishing whereby they license the use, reproduction, synchronization and distribution of musical works for which they either own or control the copyrights, including the Round Hill Compositions. Round Hill employs close to 50 professionals across offices in New York, Los Angeles, Nashville and London who are actively engaged in the licensing and monetization of their copyright assets on their behalf and on behalf of the songwriters they represent, including through administration and royalty collection operations.

85.     Round Hill owns and/or exclusively administers the 219 Round Hill Compositions embodied in sound recordings for download and interactive streaming in the United States. The Round Hill Compositions have all been duly registered with the United States Copyright Office.

### b. Tune Core Distributes and Reproduces Round Hill Compositions Without a License

86.     TuneCore is an independent digital music distribution and publishing administration company founded in 2005. TuneCore went live in January 2006. The TuneCore distribution service offers musicians and other sound recording rightsholders the opportunity to distribute their sound recordings and the musical compositions they embody to music services that digitally sell or stream their sound recordings. TuneCore charges a yearly recurring fee for the service combined with an upfront fee. It also upsells additional products and services to its clients.

87.     In fact, TuneCore prides itself on its ability to provide its service to all sound recording rightsholders around the world and to assist music creators at any stage of their career. According to TuneCore, it is partnered with over 150 digital stores and streaming services.

88.     Upon information and belief, the basics of TuneCore's business model are as follows:

(a)     TuneCore promotes itself to sound recording rightsholders, representing that they can provide access and distribution of their sound recordings to all the global music services, can market and promote their sound recordings, can provide sound recording owners with information and education to help them, can collect and distribute back 100% of the revenue from the digital download sale or interactive stream of their sound recordings, and can provide all the additional needed customer support for the foregoing.

(b)     Artists and sound recording rights holders upload their sound recordings to TuneCore's servers. During this upload process, artists identify from a list on TuneCore's website which download and streaming sites they would like their sound recordings to appear. Upon information and belief, artists are further asked to identify pertinent rightsholders, but this identification process is not required.

(c)     TuneCore has a review process in place for all uploaded sound recordings for (1) quality assurance purposes, (2) copyright infringement; and (3) compliance requirements based on agreement with music services before distributing copies of these sound recordings to the third-party download and streaming sites such as Apple iTunes, eMusic, Amazon MP3 and more.

(d)     Per the agreements with the music services, following its distribution of the sound recordings to third-party download and streaming sites, TuneCore has warranted and represented that it has the exclusive control to the copyright for distribution and reproduction of the sound recordings and the associated music composition rights embodied in those sound recordings and has the ability and rights grant to remove sound recordings from those sites as its discretion.

(e)     TuneCore charges a flat fee in exchange for the initial upload of sound recordings to third-party platforms as well as a recurring annual fee for the continued administration, maintenance of the sound recordings, and for keeping the sound recordings available for public display and exploitation in the music services as well as for its customer to distribute to another digital music service in the future. It earns bank interest on the revenue it holds from the sale of the sound recordings.  Its customers must log in and withdraw the revenue to get paid.

(f)     All royalties generated from the exploitation of the sound recordings on third-party download and streaming sites are paid directly to TuneCore, who purports to then pay 100% of these royalties to the user who uploaded the initial recording provided they log in to withdraw it.

89.     TuneCore claims that all mechanical royalties for licensed musical works, which are generated every time a sound recording earns revenue from downloads on platforms operated by Third-Party Companies, are passed on to the end user who originally uploaded the recording embodying the musical work. Although TuneCore was paid by Third-Party Companies for downloads of the sound recordings of Round Hill Compositions, it is unknown whether TuneCore made such distributions to its end users or whether it instead kept all sales revenue, including the royalty owed to Round Hill if the composition had been licensed. What is known however is that Round Hill has not been properly accounted to for TuneCore's use, distribution, and other exploitation of the Round Hill Compositions.

90.     Upon information and belief, TuneCore warrants and represents to download music services operated by Third-Party Companies, such as iTunes, eMusic and Amazon MP3 that it has entered into the necessary license agreements to digitally transmit and exploit the sound recordings and the associated composition it distributes and reproduces.

91.    To get the required license to the musical compositions embodied in the sound recordings distributed by TuneCore for downloads, TuneCore must obtain either a direct or compulsory license from the musical composition owner in order to make, reproduce, and/or distribute phonorecords embodying the musical compositions including by means of digital phonorecord deliveries ("DPDs").

92.    In order to obtain a compulsory license under the Copyright Act, as detailed in Section 115, a licensee, such as TuneCore, Believe Digital, and Believe SAS, is required to serve a Notice of Intent to Obtain Compulsory License for Making and Distributing Phonorecords to each copyright owner before or within thirty days after making, and before first distribution of any phonorecord of the work.

93.    If the name and address of the copyright owner is not known, the distributor, after putting effort into finding them, is then required to file the Notice of Intent to Obtain Compulsory License for Making and Distributing Phonorecords in the Licensing Division of the Copyright Office. After filing, it must then submit the statutory filing fee for each title listed in the notice in a single payment and make checks payable to the Register of Copyrights or authorize deduction from a deposit account for the filing fee. It should be noted however that since 2018, compulsory licenses cannot be obtained for "digital phonorecord deliveries" by filing Notices of Intent to Obtain Compulsory License for Making and Distributing Phonorecords with the Copyright Office, even if the public records of the Copyright Office do not identify the owner or the owner's address.

94.    The Notice of Intent to Obtain Compulsory License for Making and Distributing Phonorecords serves the important role of requiring the music service to connect the sound recording to the underlying musical composition before it makes the sound recording live. That

way, when it generates revenue, the service knows whom to pay and alerts the copyright owner(s) to the use of their musical compositions and the right to legally required compensation for that use.

95.     Under United States Copyright law, the failure to timely file or serve Notices of Intent to Obtain Compulsory License for Making and Distributing Phonorecords forecloses the possibility of a compulsory license and, in the absence of a negotiated license, renders the making and distribution of phonorecords an act of copyright infringement with respect to the underlying musical composition.

96.     Upon information and belief, TuneCore, Believe Digital, and Believe SAS distributed and reproduced sound recordings of the Round Hill Compositions without either a direct license or a compulsory license. Round Hill has not received Notices of Intent to Obtain Compulsory License for Making and Distributing Phonorecords from Defendants for the Round Hill Compositions. Upon further information and belief, Defendants did note file Notices of Intent to Obtain Compulsory License for Making and Distributing Phonorecords with the United States Copyright Office for the Round Hill Compositions. However, even if Notices of Intent to Obtain Compulsory License for Making and Distributing Phonorecords had been filed, such notices would have been ineffective to the extent that they were filed in 2018 onward or subsequent to TuneCore's use, reproduction, synchronization, and distribution of the musical works embodying the Round Hill Compositions, as well as such use, reproduction, synchronization, and distribution by Third-Party Companies at TuneCore's direction.

97.     Upon formal demand of proof of licensing as required under regulations associated with the Section 115 Compulsory License, TuneCore  failed to provide proof of any license.

c.     **Believe Digital and Believe SAS also Reproduce and Distribute Round Hill Compositions Without a License**

98.     Similarly, Believe Digital and Believe SAS are digital music aggregators that obtain licenses from music rights holders and, in turn, sub-license those rights to download music services operated by Third-Party Companies which sell digital sound recordings to consumers at the retail level.

99.     On their websites, Believe Digital and Believe SAS highlight their worldwide distribution network and its innovative digital distribution and promotion technology integrated with 350+ major stores, including local and specific platforms. It also highlights its ability to deliver sound recordings securely on all audio and video platforms, in the highest quality.

100.     TuneCore, Believe Digital, and Believe SAS have cultivated relationships with download and streaming sites to whom they deliver sound recordings for exploitation. Believe acquired TuneCore in 2015 for a purported $40 million based on TuneCore's market share providing Believe digital the ability to get more favorable deal terms and increase its valuation for sale or public offering. *See* https://www.musicbusinessworldwide.com/believe-digital-acquires-rival-tunecore/ *see also* https://www.musicbusinessworldwide.com/sony-buying-believe-digital-444m-report/;                      and                      https://www.musicbusinessworldwide.com/believe-were-not-selling-to-sony-but-we-are-raising-money/.

101.     Like TuneCore, Believe Digital, and Believe SAS must also obtain either direct or compulsory licenses from the musical composition owner to distribute sound recordings embodying those musical compositions. Believe Digital and Believe SAS, however, failed to obtain those necessary licenses with respect to Round Hill Compositions, despite repeated notice from Round Hill.

102.     In this case, TuneCore, Believe Digital, and Believe SAS have taken advantage of their relationships with digital stores and streaming services by distributing and reproducing sound

recordings of the Round Hill Compositions to them without authorization from Round Hill and then knowingly and willfully continuing the exploitation despite being aware they did not have a license.

103.    TuneCore, Believe Digital, and Believe SAS have benefited financially and economically from offering the sound recordings of the Round Hill Compositions to third-party music stores and received payment for the exploitation of the sound recordings of the Round Hill Compositions while Round Hill has not been paid for their use.

104.    Contrary to their legal obligations to obtain either direct or compulsory licenses, TuneCore, Believe Digital, and Believe SAS do not have and have never had any license to reproduce and/or distribute the sound recordings of the Round Hill Compositions.

105.    Despite their not being licensed, TuneCore, Believe Digital, Believe SAS reproduced and/or distributed the sound recordings of the Round Hill Compositions.

106.    For some of the Round Hill Compositions, TuneCore, Believe Digital, and Believe SAS reproduced and distributed individual and separate sound recordings of the Round Hill Compositions.

107.    TuneCore, Believe Digital, and Believe SAS have not accounted to Round Hill for the use of the Round Hill Compositions.

108.    TuneCore, Believe Digital, and Believe SAS have not properly paid royalties to Round Hill for the use of the Round Hill Compositions.

109.    TuneCore, Believe Digital, and Believe SAS are liable for damages for the Round Hill Compositions it has distributed without a license.

110.   TuneCore, Believe Digital, and Believe SAS are contributorily liable for damages for the Round Hill Compositions distributed to end users of Apple iTunes, eMusic, Amazon MP3 and other third-party download and streaming sites.

111.   TuneCore, Believe Digital, and Believe SAS are vicariously liable for damages for the Round Hill Compositions distributed to end users of Apple iTunes, eMusic, Amazon MP3 and other third-party download and streaming sites.

### d.   TuneCore, Believe Digital and Believe SAS Continue to Reproduce and Distribute Round Hill Compositions in Spite of Repeated Notice of Infringement

112.   Prior to bringing this action, Round Hill had its authorized agent Audiam contact TuneCore, Believe Digital, Believe SAS, and others. Audiam administers Round Hill's exclusive digital media licensing rights in the Round Hill Compositions.

113.   Audiam confirmed that TuneCore, Believe Digital, and Believe SAS did not have a license to reproduce and/or distribute the Round Hill Compositions or, if they were licensed, putting them on notice that they were non-compliant with the license triggering a 30-day cure period.

114.   In July 2015, TuneCore, Believe Digital, and Believe SAS were notified by Audiam at Round Hill's direction that download mechanical royalties had not been paid for the Round Hill Compositions downloaded by users of Apple iTunes and other Third-Party Companies.

115.   TuneCore, Believe Digital, and Believe SAS, however, did not remove the Round Hill Compositions from Apple iTunes, eMusic, Amazon MP3 or any Third-Party Companies but continued to allow them to be available for download by end users of the download services provided by Third-Party Companies.

116.    In August 2016, further notice was provided to TuneCore, Believe Digital, and Believe SAS by Audiam under the direction from Round Hill of the ongoing infringement of the Round Hill Compositions.

117.    In August 2017, a formal notice of termination was provided to TuneCore, Believe Digital, and Believe SAS in the form of a written letter demanding proof of licensing pursuant to 37 C.F.R. § 201.18, providing them 30 days to provide proof of license and a notification of breach and a cure period of thirty days.

118.    TuneCore, Believe Digital, and Believe SAS were notified as indicated in the above paragraphs, by Audiam under direction from Round Hill that if they did obtain a compulsory license to distribute any of the Round Hill Compositions, such license would be terminated unless TuneCore, Believe Digital, and Believe SAS remedied its failure to account and pay in accordance with the Copyright Act and applicable regulations. If a direct license did actually exist, it would be terminated unless they complied with the terms of the direct license.

119.    TuneCore, Believe Digital, and Believe SAS failed to remedy the issues set forth in the notice of termination, but they continued to exploit the sound recordings of the Round Hill Compositions, without a license to do so.

120.    By knowingly reproducing and distributing the sound recordings of the Round Hill Compositions without the licenses necessary to legally reproduce and distribute them, TuneCore, Believe Digital, and Believe SAS have been and are willfully infringing upon the copyrights Round Hill owns and administers.

121.    By materially contributing to the ongoing infringement of the Round Hill Compositions on Apple iTunes and other third-party sites, TuneCore, Believe Digital, and Believe SAS are liable for contributory copyright infringement.

122.     By failing to stop the ongoing infringement of the sound recordings of the Round Hill Compositions while benefitting financially from the ongoing infringement of the Round Hill Compositions on Apple iTunes, eMusic, Amazon MP3 and other third-party sites, TuneCore, Believe Digital, and Believe SAS are vicariously liable for the ongoing copyright infringement.

## **FIRST CAUSE OF ACTION**

### **(Copyright Infringement –17 U.S.C. § 501)**

### **(Against All Defendants)**

123.     Round Hill repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

124.     Under § 106 of the Copyright Act, the copyright owner of a musical composition has the exclusive rights to reproduce and distribute the composition in phonorecords. 17 U.S.C. § 106(1) and (3). This includes the exclusive rights to make or authorize DPDs, interactive streams, and limited downloads of the musical composition through subscription or non-subscription online digital music services. *See* 17 U.S.C. § 115(d); 37 C.F.R. §§ 385.10, 385.11.

125.     Round Hill owns or controls each of the Round Hill Compositions and has standing to bring this action for copyright infringement because of its ownership or control interest in the musical compositions at issue.

126.     Each of the sound recordings of musical compositions administered by Round Hill has been reproduced and/or distributed by TuneCore, Believe Digital, and Believe SAS, without the required licenses, with the intent that those recordings would be made publicly available and commercialized.

127.     TuneCore, Believe Digital, and Believe SAS have thus made unauthorized reproductions and engaged in unauthorized distributions of the sound recordings of the Round Hill

Compositions. The infringement of these copyrights is in violation of 17 U.S.C. § 106, *et seq.* and § 501.

128.    TuneCore, Believe Digital, and Believe SAS have violated many of the exclusive rights enumerated under Section 106 of the United States Copyright Act by its activities discussed above.

129.    TuneCore, Believe Digital, and Believe SAS's conduct has at all times been knowing, willful, and with complete disregard of Round Hill's rights.

130.    The infringement by TuneCore, Believe Digital, and Believe SAS has been, and continues to be, willful and knowing.

131.    Pursuant to 17 U.S.C. § 504(b), Round Hill is entitled to actual damages, including the substantial profits of TuneCore, Believe Digital, and Believe SAS, as will be proven at trial. In the alternative, Round Hill requests the maximum amount for willful statutory damages, one hundred and fifty thousand dollars ($150,000), for each of the of the Round Hill Compositions involved in this action identified on Exhibit A hereto.

132.    Round Hill also asks to be awarded its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (Vicarious Copyright Infringement)

### (Against All Defendants)

133.    Round Hill repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

134.    Under § 106 of the Copyright Act, the copyright owner of a musical composition has the exclusive rights to reproduce and distribute the composition in phonorecords. 17 U.S.C. § 106(1) and (3). This includes the exclusive rights to make or authorize DPDs, interactive streams,

and limited downloads of the musical composition through subscription or non-subscription online digital music services. See 17 U.S.C. § 115(d), 37 C.F.R. §§385.10, 385.11.

135.    Round Hill owns or controls each of the Round Hill Compositions and has standing to bring this action for copyright infringement because of its ownership or control interest in the musical compositions at issue.

136.    Each of the musical compositions administered by Round Hill has been reproduced and/or distributed by TuneCore, Believe Digital, and Believe SAS without the required licenses to Apple iTunes and other Third-Party Companies.

137.    Apple iTunes and other Third-Party Companies then made unauthorized reproductions and engaged in unauthorized distributions of the Round Hill Compositions. The infringement of these copyrights is in violation of 17 U.S.C. § 106, et seq. and § 501. These activities all occurred within the three years preceding this action.

138.    TuneCore, Believe Digital, and Believes SAS retained the ability to supervise and prevent the infringing activities by the Apple iTunes and other Third-Party Companies, which it could have done at any time. Rather than stop this infringement from occurring, TuneCore, Believe Digital, and Believes SAS actively encouraged and took steps in furtherance of the continuation of the infringing activities and financially profited from the infringing activities.

139.    Each distribution of the Round Hill Compositions on Apple iTunes and other Third-Party Companies to end-users constitutes a separate and distinct act of infringement, for which TuneCore, Believe Digital, Believe SAS are vicarious infringers.

140.    TuneCore, Believe Digital, and Believe SAS had the right to stop the infringement of the sound recordings of the Round Hill Compositions on Apple iTunes and other third-party sites.

141.    TuneCore, Believe Digital, Believe SAS have a direct financial interest in the infringing activity on Apple iTunes and other third-party sites.

142.    TuneCore, Believe Digital, and Believe SAS's conduct has at all times been knowing, willful, and with complete disregard of Round Hill's rights.

143.    The vicarious infringement by TuneCore, Believe Digital, and Believe SAS has been, and continues to be, willful and knowing.

144.    Pursuant to 17 U.S.C. § 504(b), Round Hill is entitled to actual damages, including the substantial profits of TuneCore, Believe Digital, and Believe SAS as will be proven at trial. In the alternative, Round Hill requests the maximum amount for willful statutory damages, one hundred and fifty thousand dollars ($150,000), for each of the of the Round Hill Compositions involved in this action identified on Exhibit A hereto

145.    Round Hill also asks to be awarded its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION

**(Contributory Copyright Infringement)**

**(Against All Defendants)**

146.    Round Hill repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as though fully set forth herein.

147.    Under § 106 of the Copyright Act, the copyright owner of a musical composition has the exclusive rights to reproduce and distribute the composition in phonorecords. 17 U.S.C. § 106(1) and (3). This includes the exclusive rights to make or authorize DPDs, interactive streams, and limited downloads of the musical composition through subscription or non-subscription online digital music services. See 17 U.S.C. § 115(d), 37 C.F.R. §§385.10, 385.11.

148.    Round Hill owns or controls each the Round Hill Compositions and has standing to bring this action for copyright infringement because of its ownership or control interest in the musical compositions at issue.

149.    Each of the musical compositions administered by Round Hill has been reproduced and/or distributed by TuneCore, Believe Digital, and Believe SAS without the required licenses.

150.    TuneCore, Believe Digital, and Believe SAS had knowledge of iTunes' and other Third-Party Companies' infringement of the sound recordings of the Round Hill Compositions.

151.    TuneCore, Believe Digital, and Believe SAS materially contributed to the infringement of the Round Hill Compositions on Apple iTunes and other third-party sites by, among other things discussed herein: 1) providing the sound recordings of the Round Hill Compositions to Apple iTunes and other Third-Party Companies, 2) providing repeated, knowingly false assurances to Apple iTunes and other Third-Party Companies that licenses had been acquired for the Round Hill Compositions, and 3) keeping the infringing sound recordings on the platforms of Apple iTunes and other Third-Party Companies in exchange for a financial compensation.  These activities, and the other activities discussed herein, have all occurred within the three years preceding the filing of this action.

152.    TuneCore, Believe Digital, and Believe SAS's conduct has at all times been knowing, willful, and with complete disregard of Round Hill's rights.

153.    The contributory infringement by TuneCore, Believe Digital, and Believe SAS has been, and continues to be, willful and knowing.

154.    Pursuant to 17 U.S.C. § 504(b), Round Hill is entitled to actual damages, including the substantial profits of TuneCore, Believe Digital, and Believe SAS as will be proven at trial. In the alternative, Round Hill requests the maximum amount for willful statutory damages, one

hundred and fifty thousand dollars ($150,000), for each of the of the Round Hill Compositions involved in this action identified on Exhibit A hereto.

155.    Round Hill also asks to be awarded its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, upon all of the facts and circumstances herein alleged, Plaintiffs respectfully requests that this Court:

1.    For judgment in favor of Plaintiffs and against Defendants;

2.    For a declaration that Defendants have willfully infringed the Round Hill Compositions in violation of the Copyright Act;

3.    For a declaration that Defendants are directly, vicariously, and/or contributorily liable for copyright infringement, as applicable;

4.    For a declaration that Round Hill is entitled to receive all revenue associated with all exploitations of the Round Hill Compositions, commencing from the date of judgment and for all amounts not taken into consideration in the judgment;

5.    For an award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, inclusive of the injury to the market value of the copyrights in the Round Hill Compositions, and the profits of Defendants as will be proven at trial, including advertising revenue and the value of the equity interest Round Hill was deprived by virtue of the infringement, or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c), one hundred and fifty thousand dollars ($150,000.00) for each act of willful infringement with respect to each of the Round Hill Compositions involved in the action;

6.     For cost of suit herein, including an award of attorneys' fees pursuant to 17 U.S.C. § 505;

7.     For pre-judgment and post-judgment interest; and

8.     For such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiffs respectfully demand a jury trial on all issues raised in this complaint.

New York, New York
Dated: July 31, 2020

                        GORDON, GORDON & SCHNAPP, P.C.


                        /s/ *James M. Thayer*_____
                        James M. Thayer (JT6545)
                        30 Broad St., 21st Floor
                        New York, NY 10004


                        KING & BALLOW


                        /s/ *Richard S. Busch*_____
                        Richard S. Busch (Pro Hac Vice Admission
                        Forthcoming; NY Bar number: 3985884)
                        1999 Avenue of the Stars, Suite 1100
                        Century City, CA 90067

                        *Attorneys for Plaintiffs*