UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROUND HILL MUSIC, LLC and ROUND HILL
MUSIC LP,

                                        Plaintiffs,

        v.

TUNECORE, INC., BELIEVE DIGITIAL
HOLDINGS, INC., and BELIEVE SAS,

                                        Defendants.

Case No. 1:20-cv-3466-NGG-RER

**ANSWER OF DEFENDANT
TUNECORE, INC.**

        Defendant TuneCore, Inc. ("Defendant" or "TuneCore") submits the following Answer to

the Complaint ("Complaint") of Round Hill Music, LLC and Round Hill Music LP (together,

"Plaintiffs" or "Round Hill").  With respect to the allegations set forth in the Complaint:

**JURISDICTION**[1]

        1.      Paragraph 1 consists of legal conclusions as to which no response is required.  To

the extent a response is required, Defendant does not contest that this Court has subject matter

jurisdiction over the copyright infringement claim set forth in the Complaint, expressly denies

that any infringement occurred, and otherwise denies the allegations in Paragraph 1.

        2.      Paragraph 2 consists of legal conclusions as to which no response is required.  To

the extent a response is required, Defendant does not contest that this Court has personal

jurisdiction over it for the purposes of this action, expressly denies that any infringement

---

[1] All headings included herein are as stated in the Complaint and are incorporated for reference
purposes only.  To the extent these headings constitute allegations that require a response,
Defendant expressly denies any allegations set forth in such headings.

occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis denies such allegations.

3.      Paragraph 3 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant does not contest that this Court can exercise jurisdiction consistent with Federal Due Process, New York's long-arm statute NY CLS CPLR § 302, and Fed. R. Civ. P. 4(k)(1)(A), for the purposes of this action, expressly denies that any infringement occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis denies such allegations.

**TuneCore**

4.      Paragraph 4 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant does not contest that this Court has personal jurisdiction over it for the purposes of this action, expressly denies that any infringement occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and on that basis denies such allegations.

5.      Paragraph 5 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant does not contest that this Court has personal jurisdiction over it for the purposes of this action, expressly denies that any infringement occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis denies such allegations.

6.      Paragraph 6 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant admits that its corporate headquarters is located in

Brooklyn, New York, expressly denies that any infringement occurred, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis denies such allegations.

7.      Defendant admits the allegations of paragraph 7.

8.      Paragraph 8 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies such allegations.  Defendant further expressly states that the phrase "sound recordings embodying the musical compositions" listed in Exhibit A is undefined and no sound recording is identified.  Accordingly, Defendant denies knowledge or information sufficient to form a belief as to the truth of any allegation that relies on the definition "Round Hill Compositions" to the extent the Complaint uses such definition to refer to sound recordings that incorporate musical compositions, as opposed to the specifically identified compositions in Exhibit A.

9.      Paragraph 9 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis denies such allegations.

10.      Paragraph 10 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis denies such allegations.

3

11.    Paragraph 11 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies such allegations.

12.    Paragraph 12 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis denies such allegations.

13.    Paragraph 13 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, denies that it gained any appreciable value from the Round Hill Compositions (which consist of approximately 200 songs among the millions that Defendant handles), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and on that basis denies such allegations.

14.    Paragraph 14 is unintelligible as drafted and Defendant is unable to respond.

15.    Paragraph 15 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant does not contest that this Court has personal jurisdiction over it for the purposes of this action, expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis denies such allegations.

**Believe Digital**

16.     Paragraph 16 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant admits that Believe Digital is the holding company of Defendant, admits that Defendant's corporate headquarters is located in Brooklyn, New York, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis denies such allegations.

17.     Paragraph 17 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies such allegations.

18.     Paragraph 18 consists of legal conclusions as to which no response is required. To the extent a response is required, while Defendant shares a Chief Executive Officer with Believe Digital, Defendant denies that it shares employees with Believe Digital, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis denies such allegations.

19.     Paragraph 19 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies such allegations.

20.     Paragraph 20 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies such allegations.

21.     Paragraph 21 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis denies such allegations.

22.     Paragraph 22 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis denies such allegations.

23.     Paragraph 23 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis denies such allegations.

24.     Paragraph 24 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis denies such allegations.

25.     Paragraph 25 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies such allegations.

26.      Paragraph 26 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis denies such allegations.

27.      Paragraph 27 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and on that basis denies such allegations.

28.      Paragraph 28 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and on that basis denies such allegations.

29.      Paragraph 29 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and on that basis denies such allegations.

**Believe SAS**

30.      Paragraph 30 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and on that basis denies such allegations.

31.     Paragraph 31 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and on that basis denies such allegations.

32.     Paragraph 32 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant admits that it is headquartered in Brooklyn, New York.  Additionally, while Defendant shares a Chief Executive Officer with Believe SAS, Defendant denies that it shares employees with Believe SAS, expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis denies such allegations.

33.     Paragraph 33 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis denies such allegations.

34.     Paragraph 34 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and on that basis denies such allegations.

35.     Paragraph 35 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred

and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and on that basis denies such allegations.

36.     Paragraph 36 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis denies such allegations.

37.     Paragraph 37 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, and on that basis denies such allegations.

38.     Paragraph 38 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and on that basis denies such allegations.

39.     Paragraph 39 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and on that basis denies such allegations.

40.     Paragraph 40 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis denies such allegations.

41.     Paragraph 41 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis denies such allegations.

## VENUE

42.     Paragraph 42 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant does not dispute that venue for this action is appropriate in this Judicial District, expressly denies that any infringement occurred, and otherwise denies the allegations in Paragraph 42.

43.     Paragraph 43 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant does not dispute that venue for this action is appropriate in this Judicial District, expressly denies that any infringement occurred, and otherwise denies the allegations in Paragraph 43.

## INTRODUCTION

44.     Paragraph 44 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to assert claims for copyright infringement, expressly denies that any infringement occurred, and otherwise denies the allegations in Paragraph 44.

45.     Paragraph 45 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, denies that Believe Digital (a holding company) is "actively engaged in the business of distributing digital sound recordings embodying musical compositions," and denies that it is

10

responsible for "collecting, accounting, and distributing" royalty distributions paid to Defendant by third-party companies as a consequence of exploiting sound recordings and musical compositions.  While Defendant is engaged in the business of providing sound recordings submitted by clients to digital service providers for distribution, the focus of Defendant's business is as a service provider and facilitator to assist sound recording owners in getting their sound recordings placed with the digital service providers of the clients' choice.  Any actions that Defendant takes to contract with individuals or other entities, or to monetize sound recordings, are done in furtherance of this overall goal.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and on that basis denies such allegations.

46.     Paragraph 46 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and on that basis denies such allegations.

47.     Paragraph 47 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and on that basis denies such allegations.

48.     Paragraph 48 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and on that basis denies such allegations.

11

49.     Paragraph 49 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and on that basis denies such allegations.

50.     Paragraph 50 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and on that basis denies such allegations.

51.     Paragraph 51 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies the remaining allegations in Paragraph 51.

52.     Paragraph 52 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and on that basis denies such allegations.

53.     Paragraph 53 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, and on that basis denies such allegations.

54.     Paragraph 54 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred

and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, and on that basis denies such allegations.

  55. Paragraph 55 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55, and on that basis denies such allegations.

  56. Paragraph 56 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred.

  57. Paragraph 57 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on that basis denies such allegations.

  58. Paragraph 58 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant admits that any communications sent by Audiam speak for themselves and expressly denies that any infringement occurred.  Defendant further avers that to the extent any communications sent by Audiam were intended to function as takedown notices under the DMCA, they were insufficient, and that in any event Plaintiffs accepted payment for the allegedly infringing uses.

  59. Paragraph 59 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, and on that basis denies such allegations.

60.     Paragraph 60 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, denies that it gained any appreciable value from the Round Hill Compositions (which consist of approximately 200 songs among the millions that Defendant handles) that would drive financial valuation and allow it to negotiate with music services for more favorable terms used to acquire more customers, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, and on that basis denies such allegations.

61.     Paragraph 61 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and on that basis denies such allegations.

62.     Paragraph 62 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and avers that to the extent any communications sent by Audiam were intended to function as takedown notices under the DMCA, they were insufficient, and that in any event Plaintiffs accepted payment for the allegedly infringing uses.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, and on that basis denies such allegations.

63.     Paragraph 63 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63, and on that basis denies such allegations.

14

64.     Paragraph 64 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64, and on that basis denies such allegations.

65.     Paragraph 65 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, and on that basis denies such allegations.

66.     Paragraph 66 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and on that basis denies such allegations.

67.     Paragraph 67 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67, and on that basis denies such allegations.

68.     Paragraph 68 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and on that basis denies such allegations.

69.     Paragraph 69 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred

and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69, and on that basis denies such allegations.

70.     Paragraph 70 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and on that basis denies such allegations.

71.     Paragraph 71 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, and on that basis denies such allegations.

## PARTIES

72.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis denies such allegations.

73.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis denies such allegations.

74.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis denies such allegations.

75.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis denies such allegations.

76.     Defendant admits the allegations of Paragraph 76.

77.     Paragraph 77 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred.

Moreover, while Defendant does obtain necessary permissions at the discretion of rights holders in sound recordings, the focus of Defendant's business is as a service provider and facilitator aiding clients in having their music live on third-party platforms.  Any actions that Defendant takes pertaining to licensing are done in furtherance of this overall goal.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and on that basis denies such allegations

78.    Defendant admits the allegations of Paragraph 78.

79.    Defendant admits the allegations of Paragraph 79.

80.    Defendant denies the allegations of Paragraph 80.  Believe Digital is a holding company with no employees that has no involvement with the operations of any other defendant.

81.    Defendant admits the allegations of Paragraph 81.

82.    Defendant denies the allegations of Paragraph 82.  Believe SAS has a new office location at: 24 rue Toulouse Lautrec, 75017 Paris, France.

83.    Paragraph 83 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred. Moreover, while Believe SAS does obtain necessary permissions at the discretion of rights holders in sound recordings, the focus of Believe SAS's business, like Defendant's, is as a service provider and facilitator aiding clients in having their music live on third-party platforms. Any actions that Believe SAS takes pertaining to licensing are done in furtherance of this overall goal.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83, and on that basis denies such allegations.

17

## STATEMENT OF FACTS

### a. Round Hill's Music Publishing Business

84.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis denies such allegations.

85.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis denies such allegations.

### b. Tune Core Distributes and Reproduces Round Hill Compositions Without a License

86.     Defendant admits that it is an independent digital music distribution and publishing company founded in 2005, admits that its services went live in January 2006, admits that it offers musicians and other sound recording rights holders the opportunity to distribute their sound recordings and the musical compositions they embody to music services that digitally sell or stream their sound recordings, and admits that it charges fees for its services.  Defendant denies the remaining allegations of Paragraph 86.

87.     Defendant admits that it offers to assist music creators and that it is partnered with over 150 digital stores and streaming services.  Defendant denies the remaining allegations in Paragraph 87.

88.     As to the allegations in Paragraph 88 and its various sub-parts, Defendant responds as follows:

> a.  Defendant admits that it provides sound recording owners with information and education to help them.  Defendant denies the remaining allegations in Paragraph 88(a).

b.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88(b), and on that basis denies such allegations.

c.  Defendant admits that it has a review process in place for all uploaded sound recordings for quality assurance purposes, copyright infringement, and particular terms that may relate to particular digital service providers. Defendant denies the remaining allegations in Paragraph 88(c).

d.  Defendant denies the allegations in Paragraph 88(d).

e.  Defendant admits that it charges a fee (which varies by release type) in exchange for the initial upload of sound recordings to third-party platforms. Defendant denies that any "maintenance" of any recording takes place (because Defendant does not own any of the recordings) and avers that while Defendant does charge a renewal fee, the fee is paid in exchange for keeping music available on third-party platforms while Defendant administers payment to the account holder.  Defendant further admits that revenue is held in an interest bearing account and admits that customers must log in and withdraw revenue to get paid.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88(e), and on that basis denies such allegations.

f.  Defendant denies the allegations in Paragraph 88(f).

89.     Defendant denies the allegations in Paragraph 89 and refers to TuneCore's terms and conditions, available at http://www.tunecore.com/terms/.

19

90.     Defendant admits that it represents and warrants to digital service providers that all appropriate permissions have been obtained.  Defendant denies the remaining allegations of Paragraph 90.

91.     Paragraph 91 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant avers that to the extent mechanical royalties are required to be paid with respect to TuneCore's recordings, third parties are obligated to meet these requirements.

92.     Paragraph 92 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant avers that to the extent mechanical royalties are required to be paid with respect to TuneCore's recordings, third parties are obligated to meet these requirements.

93.     Paragraph 93 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant avers that to the extent mechanical royalties were required to be paid with respect to TuneCore's recordings, third parties are obligated to meet these requirements.

94.     Paragraph 94 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant refers to Section 115 of the United States Copyright Act, which speaks for itself.

95.     Paragraph 95 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant refers to Section 115 of the United States Copyright Act, which speaks for itself.

96.     Paragraph 96 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant avers that to the extent mechanical royalties are required to be paid with respect to TuneCore's recordings, third parties are obligated to meet these requirements.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96, and on that basis denies such allegations.

97.     Paragraph 97 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant avers that to the extent mechanical royalties are required to be paid with respect to TuneCore's recordings, third parties are obligated to meet these requirements.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and on that basis denies such allegations.

### c.  Believe Digital and Believe SAS also Reproduce and Distribute Round Hill Compositions Without a License

98.     Paragraph 98 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred. Defendant further denies that Believe Digital is a "digital music aggregator[] that obtain[s] licenses from music rights holders and, in turn, sub-license[s] those rights to download music services operated by Third-Party Companies which sell digital sound recordings to consumers at the retail level."  Believe Digital is a holding company with no employees that has no involvement with the operations of any other defendant.  Moreover, while Believe SAS does obtain necessary permissions at the discretion of rights holders in sound recordings, the focus of Believe SAS's business is as a service provider and facilitator aiding clients in having their

21

music live on third-party platforms.  Any actions that Believe SAS takes pertaining to licensing are done in furtherance of this overall goal.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, and on that basis denies such allegations

99.     Defendant admits that the Believe Digital and Believe SAS websites speak for themselves.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, and on that basis denies such allegations.

100.    Defendant admits that the news articles cited in Paragraph 100 speak for themselves.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100, and on that basis denies such allegations.

101.    Paragraph 101 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant avers that to the extent mechanical royalties are required to be paid with respect to TuneCore's recordings, third parties are obligated to meet these requirements.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101, and on that basis denies such allegations.

102.    Paragraph 102 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102, and on that basis denies such allegations.

103.    Paragraph 103 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103, and on that basis denies such allegations.

104.    Paragraph 104 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, and further avers that to the extent mechanical royalties are required to be paid with respect to TuneCore's recordings, third parties are obligated to meet these requirements.  Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104, and on that basis denies such allegations.

105.    Paragraph 105 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and on that basis denies such allegations.

106.    Paragraph 106 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106, and on that basis denies such allegations.

107.    Paragraph 107 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107, and on that basis denies such allegations.

108.     Paragraph 108 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, and on that basis denies such allegations.

109.     Paragraph 109 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, and on that basis denies such allegations.

110.     Paragraph 110 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, and on that basis denies such allegations.

111.     Paragraph 111 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and on that basis denies such allegations.

**d.   TuneCore, Believe Digital and Believe SAS Continue to Reproduce and Distribute Round Hill Compositions in Spite of Repeated Notice of Infringement**

112.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and on that basis denies such allegations.

113.     Defendant expressly denies that any infringement occurred and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and on that basis denies such allegations.

24

114.     Defendant admits that in July 2015 it was contacted by Audiam regarding payment of mechanical royalties.  Defendant expressly denies that any infringement occurred and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114, and on that basis denies such allegations.

115.     Defendant expressly denies that Plaintiffs requested removal of the Round Hill Compositions and otherwise denies the allegations in Paragraph 115, including because it is not possible to "remove" musical compositions from recordings available on third party music streaming services.

116.     Defendant admits that in August 2016 it was contacted by Audiam.  Defendant expressly denies that any infringement occurred and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116, and on that basis denies such allegations.

117.     Defendant admits that in August 2017 it received a communication from Audiam that purported to be a formal notice of termination.  Defendant expressly denies that any infringement occurred and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117, and on that basis denies such allegations.

118.     Defendant admits that it received communications from Audiam in July 2015, August 2016, and August 2017, and that the communications sent by Audiam speak for themselves.  Defendant expressly denies that any infringement occurred and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118, and on that basis denies such allegations.

119.     Defendant denies the allegations of Paragraph 119.

25

120.    Defendant denies the allegations of Paragraph 120.

121.    Defendant denies the allegations of Paragraph 121.

122.    Defendant denies the allegations of Paragraph 122.

### FIRST CAUSE OF ACTION
**(Copyright Infringement – 17 U.S.C. § 501)**
**(Against All Defendants)**

123.    Defendant repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 122, as if fully set forth herein.

124.    Paragraph 124 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, and otherwise denies the remaining allegations of Paragraph 124.

125.    Paragraph 125 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, and on that basis denies such allegations.

126.    Paragraph 126 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126, and on that basis denies such allegations.

127.    Paragraph 127 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 127.

128.    Paragraph 128 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 128.

129.     Paragraph 129 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 129.

130.     Paragraph 130 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 130.

131.     Paragraph 131 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 131.

132.     Paragraph 132 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 132.

## SECOND CAUSE OF ACTION
### (Vicarious Copyright Infringement)
### (Against All Defendants)

133.     Defendant repeats and incorporates by reference its responses to the allegations

contained in Paragraphs 1 through 132, as if fully set forth herein.

134.     Paragraph 134 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 134.

135.     Paragraph 135 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 135.

136.     Paragraph 136 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant expressly denies that any infringement occurred,

and denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 136, and on that basis denies such allegations.

137.     Paragraph 137 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant expressly denies that any infringement occurred,

and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and on that basis denies such allegations.

138.    Paragraph 138 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, and on that basis denies such allegations.

139.    Paragraph 139 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 139.

140.    Paragraph 140 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140, and on that basis denies such allegations.

141.    Paragraph 141 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant expressly denies that any infringement occurred, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141, and on that basis denies such allegations.

142.    Paragraph 142 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 142.

143.    Paragraph 143 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 143.

144.    Paragraph 144 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 144.

145.     Paragraph 145 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 145.

### THIRD CAUSE OF ACTION
**(Contributory Copyright Infringement)**
**(Against All Defendants)**

146.     Defendant repeats and incorporates by reference its responses to the allegations

contained in Paragraphs 1 through 145, as if fully set forth herein.

147.     Paragraph 147 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 147.

148.     Paragraph 148 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 148.

149.     Paragraph 149 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 149.

150.     Paragraph 150 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 150.

151.     Paragraph 151 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant expressly denies that any infringement occurred,

and denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 151, and on that basis denies such allegations.

152.     Paragraph 152 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 152.

153.     Paragraph 153 consists of legal conclusions as to which no response is required.

To the extent a response is required, Defendant denies the allegations in Paragraph 153.

154.    Paragraph 154 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 154.

155.    Paragraph 155 consists of legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 155.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested in their Complaint or to any other relief whatsoever.

## RESPONSE TO JURY TRIAL DEMAND

Defendant respectfully reserves the right to object to jury trial on issues for which there is no right to trial by jury, including by way of motion pursuant to without limitation Rules 38 and 39 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution and/or any comparable state constitution(s).

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing the burden of proof of Plaintiffs, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1.    The Complaint and each claim therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

2.    Plaintiffs' claims are barred by the doctrine of waiver due to their acceptance of payments made for use of the works at issue.

30

### THIRD AFFIRMATIVE DEFENSE
**(Bad Faith/Unclean Hands)**

3.      The Complaint and each claim therein is barred, precluded, and/or limited by reason of Plaintiffs' bad faith or unclean hands, including but not limited to by reason of (i) Plaintiffs' unreasonable delay in their efforts to enforce their rights, if any, despite their actual or constructive awareness of Defendant's challenged actions; (ii) actions taken by Defendant's co-founder and former CEO that suggest this lawsuit is intended as retaliation against Defendant for his ouster; and (iii) the failure of Plaintiffs' agent to transmit proper DMCA takedown notices.

### FOURTH AFFIRMATIVE DEFENSE
**(Lack of Standing)**

4.      Plaintiffs' claims against Defendant are barred, in whole or in part, by Plaintiffs' lack of standing, including to the extent that Plaintiffs' claims are based on the alleged infringement of works for which Plaintiffs do not (or did not) own the exclusive right allegedly infringed at the time of infringement.

### FIFTH AFFIRMATIVE DEFENSE
**(Lack of Subject Matter Jurisdiction)**

5.      Plaintiffs' claims against Defendant are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Plaintiffs' claims, including to the extent that any of the works at issue have not been registered with the United States Copyright Office.

### SIXTH AFFIRMATIVE DEFENSE
**(Acquiescence/License)**

6.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence and/or license by virtue of any use of compositions having been licensed and/or because Plaintiffs accepted payment for any use of compositions.

31

**SEVENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

7.      Plaintiffs' claims pertaining to uses and/or damages accrued or incurred prior to three years before the filing of the Complaint are untimely and are barred, in whole or in part, with damages limited to the three years prior to the date the Complaint was filed, by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Fair Use)**

8.      Any alleged use by Defendant of any alleged copyrighted work purportedly owned by Plaintiffs constitutes a non-infringing fair use under 17 U.S.C. § 107.

**NINTH AFFIRMATIVE DEFENSE**
**(Acts/Omissions of Others)**

9.      Plaintiffs' alleged damages, if any, are due solely to acts and omissions that are not those of, and are independent from, Defendant.

**TENTH AFFIRMATIVE DEFENSE**
**(Invalid/Inaccurate/False Copyright Registration)**

10.      Plaintiffs' claims are barred to the extent they are based on the alleged infringement of works for which: (i) valid and enforceable copyright registration certificates do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership or chain of title to the works.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Innocent Intent)**

11.      Plaintiffs' alleged damages, if any, are limited by Defendant's innocent intent.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Willfulness)

12.     Without admitting that Defendant has infringed any copyright, or that Plaintiffs possesses any copyright that could be infringed, Defendant has not acted willfully.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

13.     Plaintiffs have failed to make reasonable efforts to mitigate the damages alleged including but not limited to by reason of Plaintiffs' unreasonable delay in their efforts to enforce their rights, if any, despite their actual or constructive awareness of Defendant's challenged actions.  Accordingly, the relief, if any, to which Plaintiffs allegedly are entitled must be diminished by the extent of their failure to mitigate.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

14.     The imposition of any liability against Defendant would unjustly enrich Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Defective Notice Under 17 U.S.C. § 512(c))

15.     Plaintiffs' claims are barred on the grounds that the purported DMCA takedown notices sent by Plaintiffs' agent did not comply with the notice procedures set forth at 17 U.S.C. § 512(c), including because the purported notices failed to identify the copyrighted works that allegedly were infringed.

## RESERVATION OF ADDITIONAL DEFENSES

16.     Defendant reserves the right to assert additional defenses which become apparent through discovery or otherwise.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant requests relief on Plaintiffs' Complaint as follows:

1.     That Plaintiffs' Complaint be dismissed with prejudice, judgment entered in favor

of Defendant, and Plaintiffs take nothing by the Complaint;

2.     That Defendant be awarded full costs incurred herein;

3.     That Defendant be awarded its reasonable attorneys' fees;

4.     That this Court award such other and further relief as it deems just and equitable.

Dated:    New York, New York                    Respectfully submitted,
          November 25, 2020

                                               MITCHELL SILBERBERG & KNUPP LLP


                                               By: _____
                                                   Eleanor M. Lackman
                                                   437 Madison Avenue, 25th Floor
                                                   New York, New York 10022-7001
                                                   Telephone: (212) 509-3900
                                                   Facsimile: (212) 509-7239
                                                   Email: eml@msk.com

                                                   *Attorneys for Defendants*
                                                   *TuneCore, Inc., Believe Digital Holdings,*
                                                   *Inc., and Believe SAS*